KENNETH B. MALLOY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Malloy v. Commissioner
Docket No. 23617-83.
United States Tax Court
T.C. Memo 1985-452; 1985 Tax Ct. Memo LEXIS 182; 50 T.C.M. (CCH) 925; T.C.M. (RIA) 85452; August 27, 1985. Kenneth B. Malloy, pro se. Johnathan J. Ono, for the respondent. *183 DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
6651(a) [1]
6653(a)
6654
1979
$6,780.63
$1,190.07
$339.03
1980
8,960.34
448.02
1981
9,341.00
2,136.18
467.05
$643.16
The issues for decision are: (1) Whether compensation petitioner received for his services is income; (2) Whether a military pension received by petitioner is income; and (3) Whether petitioner is liable for additions to tax under sections 6651(a), 6653(a) and 6654(a). This case was submitted fully stipulated pursuant to Rule 122.The stipulation of facts and joint exhibits are incorporated herein by this reference. The pertinent facts are summarized below. Petitioner resided in Las Vegas, Nevada, at the time he filed the petition herein. During the years in issue, he was employed as an electrical technician *184 for E.G. & G., Inc. and received compensation as follows: Year
Wages
1979
$15,395.00
1980
18,663.38
1981
19,957.72
In addition, petitioner received a military pension from the U.S. Air Force in 1979, 1980 and 1981 in the amounts of $9,007.82, $10,201.94 and $10,267.76, respectively. Although petitioner filed Federal income tax returns for the taxable years 1979 and 1980 with the Internal Revenue Service Center in Ogden, Utah, petitioner excluded the amount of wages and military pension received as non-taxable receipts. Petitioner did not file a Federal income tax return for the taxable year 1981. Petitioner filed a brief with this Court that consisted of numerous constitutional arguments that have been litigated extensively in this Court by tax protesters, uniformly resulting in decisions against the protesters. Petitioner's basic arguments are that the Internal Revenue Service has no jurisdiction over him; that wages are not income; that taxation is involuntary servitude; and that he was deprived of a proper administrative hearing. We agree with respondent that petitioner's arguments are frivolous and totally without merit and therefore find for *185 respondent on all issues. Section 61 provides for the taxation of all income from whatever source including compensation for services. Section 61(a)(1). Wages are clearly taxable as income under section 61. Eisner v. Macomber,252 U.S. 189 (1920); Rowlee v. Commissioner,80 T.C. 1111 (1983), appeal dismissed (2d Cir. April 3, 1984). Military pensions are also taxable under section 61 unless excluded by law. Section 1.61-11, Income Tax Regs. Petitioner has offered no evidence to support the exclusion of his pension monies from taxation. As to the additions to tax, petitioner has the burden of proving that the additions should not be upheld. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Section 6651(a)(1) provides for an addition to tax of up to 25 percent of the tax required to be shown on the return for failure to timely file a return unless it is shown that such failure is due to reasonable cause and not willful neglect. Petitioner did not file his 1979 return until December 1980 and filed no return for 1981. Petitioner has offered no evidence to prove that respondent erroneously determined that there was no reasonable *186 cause for the failure to file. BJR Corp. v. Commissioner67 T.C. 111, 131 (1976). Moreover, petitioner has neglected to present any evidence to refute the other additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations, and section 6654 for failure to pay estimated tax. The addition under section 6654 is, in any event, mandatory and applies regardless of petitioner's state of mind. Finally, as noted previously, we view petitioner's arguments as frivolous and without merit. Under these circumstances, we hereby award to the United States damages under section 6673 in the amount of $2,000. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable years at issue.All rule references are to the Tax Court Rules of Practice and Procedure.↩